UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Ronald Barranco, et al.,<br>                Plaintiffs,<br>v.<br>Bernard Woods, III,<br>                Defendant. | 3:19-cv-00072-RCJ-WGC<br>**ORDER** |

The Defendant was the chief executive officer (CEO), chairman of the board, president, and largest stockholder of a closely held corporation. The Plaintiffs, the corporation and its new CEO, and the Defendant executed a contract to switch the management of the corporation in exchange for monetary compensation occurring in installments over the next three years. The Plaintiffs brought this suit alleging that the Defendant breached the agreement by refusing to relinquish control, and the Defendant countersues for, among other things, the Plaintiffs' subsequent refusal to pay. Now, the Defendant moves for summary judgment on all claims. The Court finds that a reasonable juror could agree with the Plaintiffs' version of events, so summary judgment is inappropriate.

**I.    FACTUAL BACKGROUND**

For this motion, the facts are construed in the light most favorable to the Plaintiffs as the nonmovants. The Defendant was the CEO and president of Plaintiff OnCourse Technologies, Inc. (OnCourse). He and his wife comprised the entirety of the board of directors. After negotiations, the parties signed three different versions of a separation agreement between the company and the Defendant.

According to the original agreement, three new members were appointed to the board of directors. In exchange, the Defendant was to receive money compensation in the form of $250,000 in a lump sum payment and $10,000 per month for thirty-six months. Additionally, the Defendant will have the option to sell his stock over the next three years for a total of $150,000. In total, if

the Defendant opted to sell his stock, then his compensation would be $760,000. This agreement was modified a couple of weeks later to include that the board of directors would appoint Plaintiff Barranco to be the CEO and president of the company.

Under the company's bylaws, there is one classification of stock. In order to alter the composition of the board of directors, stockholders representing a majority of that stock must approve the change. The Defendant's wife had authority to vote for the Defendant. Together, they represented the largest single share of the outstanding stock, and she approved the new directors. Another stockholder, Mr. Kevin Bork, approved the new directors with his stock. Both of these stockholders voted in signed writings, and their stock amounted to over 55% of the outstanding stock entitled to vote.

Subsequently, the parties signed the most recent version of the separation agreement. The version is substantially similar to the prior agreement with only a couple changes. First, the lump sum payment was bifurcated into payments of $125,000 over two years to alleviate the Defendant's tax burden. Second, the parties affirmed a variation in the tense of the contract to say that the new directors and officers will "continue with their newly appointed positions."

Following the agreements, the Plaintiffs made numerous requests to the Defendant to relinquish company assets, to comply with decisions of the board and officers, and to provide company records. A few days after one of these requests, the Defendant claimed that the directors never procured the necessary votes to join the board and sent a filing to the Nevada Secretary of State's Office asserting that he and his wife were the sole directors of the company. Further, he blocked the new directors out of the company emails, bank accounts, and the accounting software. Additionally, he sent emails to all of the employees stating that he would fire them if they communicate with any of the new directors.

In response, the Plaintiffs initiated a claim with the Secretary of State for Nevada. The Secretary began an investigation and concluded that the claim was valid, because the Secretary "received no response to her demand for information from [the Defendant]." The Secretary nullified the filing and corrected the state's records.

To counter the Defendant's actions, a stockholder meeting was held to further validate the composition of the board of directors. According to the results of the meeting, the three board members that were listed in the separation agreement continued their appointments and Mr. Bork was added. The Defendant and his wife were not allowed to participate. Furthermore, the participating stockholders voted the Defendant and his wife off of the board. Afterward, the Defendant's wife protested the meeting by sending a letter to OnCourse's transfer agent claiming that the meeting was fraudulent since she was not notified of it.

The Plaintiffs sought and retained legal counsel. Counsel attempted to negotiate with the Defendant before bringing this suit. These negotiations culminated in the Defendant returning a signed letter to Plaintiffs' counsel. This letter affirmed that the separation agreement entails (1) that he is no longer employed by the company, (2) that he is not authorized to conduct business on behalf of the company, (3) that he will close all bank accounts in the company's name with him as a signatory, (4) that he is required to turnover all historic business related transactions and relevant information as requested by the management, (5) that Plaintiff Barranco is the CEO and chairman of the board, and (6) that he will provide control of all company accounts and return all company assets. However, the Defendant made another deposit in a company account that listed him as a signatory a month later. The Plaintiffs filed this case shortly thereafter.

By the time that the Plaintiffs brought this action, the Defendant had been paid $155,000, which was the amount owed by that time. However, the Defendant has not been paid amounts owed under that contract since. The Plaintiffs claim that the Defendant's actions constituted a material breach of the contract relieving their duty to pay.

The Plaintiffs raised two causes of action in their complaint: (1) the Defendant breached the separation agreement and (2) he filed a false statement with the Secretary of State for Nevada. The Defendant countersues for (1) breach of contract, (2) breach of good faith and fair dealing, (3) bad faith discharge, and (4) misrepresentation.[1] Prior to any discovery except for initial disclosures, the Defendant moves for summary judgment on all claims.

---

1 The Defendant also lists "injunctive/declaratory relief" as a cause of action, but this is a request for relief. Since the Court denies the motion, it does not address this request

## II. SUMMARY JUDGMENT STANDARD

A court should grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only facts that affect the outcome are material. *Id.*

To determine when summary judgment is appropriate, courts use a burden-shifting analysis. On the one hand, if the party seeking summary judgment would bear the burden of proof at trial, then he can only satisfy his burden by presenting evidence that proves every element of his claim such that no reasonable juror could find otherwise assuming the evidence went uncontroverted. *Id.* at 252. On the other hand, when the party seeking summary judgment would not bear the burden of proof at trial, he satisfies his burden by demonstrating that the other party failed to establish an essential element of the claim or by presenting evidence that negates such an element. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (Brennan J., concurring). A court should deny summary judgement if either the moving party fails to meet his initial burden or, if after the moving party meets that burden, the other party establishes a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

## III. ANALYSIS

Applying this standard, the Court finds that summary judgment is inappropriate for all claims.

### A. Plaintiffs' Claims

#### 1. Breach of Contract

In their first cause of action, the Plaintiffs allege that the Defendant breached their separation agreement when the Defendant refused to cede control of the company by failing to turnover company property and records, locking company accounts, submitting a false filing with the Secretary of State, and attempting to interfere with their business relationships. The Defendant counters that these actions were within his scope as a director and a stockholder.

Under the written terms of the one-page contract, the Defendant was merely to appoint the three new directors. The remainder of the clauses address duties of the company and the new board of directors. Specifically, the directors were to appoint a new CEO and president, and the company was to pay the Defendant. The Plaintiffs argue that there were additional terms of the contract, such as mandating that the Defendant turn over company records and assets and proscribing the Defendant from conducting business in the company's name. Through counsel, the Plaintiffs sent their interpretation of contract in a letter to the Defendant, and the Defendant affirmed the interpretation in a signed writing.

The Defendant does not argue that the parol evidence rule bars the Court's consideration of this signed writing to interpret the contract. If he had, the objection would fail. Under Nevada's parol evidence rule, a court cannot admit extrinsic evidence to modify written contract terms that are "clear, definite, and unambiguous." *Ringle v. Bruton*, 86 P.3d 1032, 1037 (Nev. 2004). However, the rule is inapplicable when the parties dispute whether the written agreement is the final statement of the contractual terms. *In re Cay Clubs*, 340 P.3d 563, 574 (Nev. 2014). In such cases, a party may offer extrinsic evidence to show additional terms of the contract on which the contract is silent. *Id.* (citing *Ringle*, 86 P.3d at 1037).

Here, the contract is silent regarding the Plaintiffs' additional terms and does not include a clause that states that the writing is the final statement of the contract. Indeed, the Defendant admits that he was waiting for a "more formal agreement." Mot. Summ. J. 3:9, ECF No. 19. For the purposes of this motion, the Court holds that the contract includes these terms and finds that a reasonable juror could conclude that the Defendant breached these terms. Thus, summary judgment is inappropriate for this claim.

The Defendant argues that his actions were appropriate as a dissenting director and stockholder. According to him, his actions were based on the belief that the new directors did not receive the correct stockholder approval. The Plaintiffs have presented ample evidence for a jury to reasonably conclude that they obtained the required stockholder approval through two signed writings from stockholders representing the majority of the vote. These signed writings are both

dated prior to the Defendant's alleged breach. Whether the Defendant was aware of this approval is not relevant, because "[l]iability for a breach of contract is, prima facie, strict liability." *Consequences of Breach*, 23 Williston on Contracts § 63:8 (4th ed.).

Additionally, the Defendant argues that this Court should remove Plaintiff Barranco from this claim, since he is not a party to the contract. The first two iterations of the contract specify that the agreement is between OnCourse and the Defendant. The last iteration states that "This document revises and updates a prevision separation agreement executed by participating parties." Accordingly, the named parties to the contract are OnCourse and the Defendant.

However, a third-party beneficiary may sue for breach of contract "(1) if the agreement was formed with the intent to benefit a third party and (2) if the third party's reliance on the agreement was foreseeable." *Tarr v. Narconon Fresh Start*, 72 F. Supp. 3d 1138, 1142 (D. Nev. 2014) (citing *Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824–25 (Nev. 1977)). Here, Plaintiff Barranco personally signed the two prior versions of the contract, and according to the Defendant's admission, negotiated the last version. These contracts provided that Plaintiff Barranco would be the CEO, president, and chairman of the board. Therefore, Plaintiff Barranco has standing as a third-party beneficiary, and the Court denies summary judgment.

*2. Filing of a False Record with the Nevada Office of the Secretary of State*

Under Nevada statutory law, a court should grant a plaintiff damages if a defendant files a false statement with the Nevada Office of the Secretary of State. Nev. Rev. Stat. § 225.084(1–2). The parties agree that the Defendant filed a statement with the secretary of state. For this cause of action, the Plaintiffs must additionally show (1) that the Defendant acted willfully and (2) that the Defendant knew that the document was forged, fraudulent, or contained a false material fact. *Id.*

Here, summary judgment is not appropriate for the Defendant. In the light most favorable to the Plaintiffs, the facts evince that the Defendant willfully filed the document stating that he and his wife were the only directors of the company and that he knew it was materially false.

The Defendant argues for summary judgment claiming that he reasonably believed that the new directors never acquired adequate stockholder approval. However, a reasonable jury could

infer that the Defendant knew that this filing was false. The Plaintiffs have presented signed writings from two stockholders—the Defendant's wife and Mr. Bork—that constituted a majority. Subsequently, the Defendant signed the revised contract, which stated that the new directors should continue their positions. Then, after the revised contract, the Defendant filed the document with the Office of Secretary of State, which the office subsequently nullified. Altogether, the evidence is more than sufficient to survive summary judgment.

### B.      Defendant's Counterclaims

#### *1. Breach of Contract*

The Defendant argues that no genuinely disputed fact excuses OnCourse's failure to pay him under the contract; the Court disagrees. In sworn testimony, the Defendant avers that OnCourse has stopped paying him money guaranteed by the contract since the Plaintiffs initiated this case. The Defendant maintains this constitutes a breach of the contract.[2] The Plaintiffs do not dispute their failure to pay. Rather, the Plaintiffs argue that the Defendant's actions constituted a material breach, which negates their duty to pay.

One party's material breach of a contract discharges the other party's duty to perform his obligations under the contract. *Cain v. Price*, 415 P.3d 25, 29 (Nev. 2018) (citing Restatement (Second) of Contracts § 237 (Am. Law Inst. 1981)). Furthermore, whether the actions of a party constitute a material breach is generally a factual question. *Nevada First Bancorp v. Highland A.V.A., LLC*, 367 P.3d 803 (table) (Nev. 2010).

The Plaintiffs presented competent evidence that the Defendant committed actions that a reasonable juror could conclude were material breaches of the contract. The Plaintiffs have submitted sworn statements that OnCourse paid the amounts owed under the contract, until these actions were committed. Accordingly, summary judgment is not appropriate.

///

///

---

2 The Defendant vaguely posits other actions of OnCourse constitute other breaches of the agreement, but the Defendant does not ever identify what these other actions are. Mot. Summ. J. 23:2–3, ECF No. 19. The Court cannot grant summary judgment for unspecified claims.

### 2. Breach of Good Faith and Fair Dealing

The Defendant argues that OnCourse breached the covenant of good faith and fair dealing. For this alleged breach, the Defendant points to the failure to pay him the compensation owed under the contract. "It is well established that a claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim." *Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1252 (D. Nev. 2016). Here, the failure to pay serves as the solely identified basis for both the breach of contract and breach of good faith and fair dealing. Accordingly, the Court denies summary judgment for this claim.

### 3. Bad Faith Discharge

The Defendant argues that the agreement was an employment contract and OnCourse's failure to pay constituted a bad faith discharge. A required element of bad faith discharge is that the employee has "established contractual rights of continued employment." *D'Angelo v. Gardner*, 819 P.2d 206, 211 (Nev. 1991). However, the contract does not state anything about guaranteed employment. There are no written provisions about continued employment except the fact that the contract allowed the Defendant to remain a director. Indeed, the contract's title is "separation agreement" and required the Defendant to cede control of the company—not to employ him. Accordingly, the Court denies summary judgment for this cause of action.

### 4. Misrepresentation

Next, the Defendant maintains that Plaintiff Barranco "made false, misleading, and/or deceptive representations regarding the Amended Agreement and misrepresentations regarding the conduct of a Stockholder voting process." Mot. Summ. J. 27:11–13. These representations consist of the contract provisions that OnCourse would pay the Defendant, and that if OnCourse did not pay, then he could reclaim the company. Notably, the Defendant cites to no authority that suggests that this is an actionable claim. Thus, the Court denies summary judgment on this basis.

///

///

8

*5. Indemnification*

Lastly, the Defendant moves for indemnification for the costs of this lawsuit under the company's bylaws. The bylaws mandate that the company pay for the expenses for a director, officer, employee, or agent of OnCourse for expenses associated with a successful litigation in defense of actions undertaken in the course of employment. Assuming that the Defendant was acting in the scope of his duties for OnCourse, the Defendant is not currently successful in the litigation as the Court does not grant judgment in his favor. In sum, the Court denies the motion in whole.

**IV. CONCLUSION**

IT IS HEREBY ORDERED that the Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED.

IT IS SO ORDERED.

DATED: This 7th day of October, 2019.

_____
ROBERT C. JONES
United States District Judge